## STATE vs. LAFAYETTE PARKER.

1. When a Judge in charging a jury uses this language, to-wit: "If her character, (referring to a witness,) is of ordinary respectability, you will take her testimony to be true, unless she is fully and thoroughly contradicted, it is erroneous. It is the province of a jury to pass upon the credibility of a witness, and the weight of testimony, and although the witness may be *never so reputable,* yet, where there is a conflict of testimony, the Court cannot tell a jury that they must take the testimony to be true. Such a charge is in violation of the Act of 1796.

2. Nor is this error corrected. Where the Judge in a subsequent part of the charge uses language, in referring to the same witness, susceptible of two constructions.

This was an indictment for arson, tried before Mitchell, Judge, at Fall Term 1871, of Wilkes Superior Court.

The principle witness for the State, was Amelia Adams, daughter of the prosecutor, who testified that she heard the defendants threaten, at Mrs. Parker's, to burn her father's barn and other property, and to kill him, and defendants persuaded her to leave her father's house, and if she ever told it they would kill her. In consequence of these threats, she left on Thursday before the barn was burnt, which was on Friday night. The State offered to prove that the father of the witness sent a messenger for his daughter, who was in Caldwell county, and to relate a conversation between witness and the messenger on their return. This was objected to, but admitted

by the Court as confirmatory of the statement of witness as to threats, &c., and no further. In reciting the testimony of Amelia Adams, the Judge said to the jury : "It is proper for you to take this view of the case : she fixes the time, place and persons present, if her character is of ordinary respectability, you will take her testimony as true, unless she is fully and thoroughly contradicted; that the witnesses offered to contradict her, even there at the time they described, and it is for the jury to say whether they had contradicted her or not in her statement," and in referring to her testimony the following language was used : "She testifies before the world, before these men, before you, it is for you to say how far she is to be believed." Other exceptions to testimony were made, and other parts of His Honor's charge were excepted to. It is unnecessary to state these exceptions, as the opinion of the Court is based upon that part of the charge above recited. Verdict of guilty as to one of the defendants. Judgment and appeal.

*Attorney General and Armfield* for State.
*R. Z. Linney* for defendants.

READE, J. In his charge to the jury, His Honor said of one of the witnesses for the State :

"If her character is of ordinary respectability, you will take her testimony to be true, unless she is fully and thoroughly contradicted, &c."

Although a witness was of more than ordinary respectability, yet the Court could not tell the jury that they must take her testimony as true, if it was in conflict with other witnesses or with circumstances. Mistake is as fatal to truth as corruption, and the purest may be mistaken. Nor does the qualification which His Honor made, cure the error. He did not leave it to the jury to *weigh* her testimony with the testimony of other witnesses and circumstances, but they must believe her unless she was *fully and thoroughly* contradicted. Subse-

40

quently in referring to the testimony of this same witness, His Honor said to the jury, "she testifies before the world, before these men, before you, it is for you to say how far she is to be believed." It is insisted that this cures the original error because here he leaves the question of her credibility to the jury. On the other hand it is said that this aggravates the original error. That it is the same as if His Honor had said, See ! here is this woman who testifies before the world, and before the defendants, and before the jury, and how can you fail to believe her? And although the law forbids me to say so in so many words, yet you are very dull if you do not perceive that I think you ought to believe her.

We do not think it necessary to notice the other exceptions, because they will probably not arise on another trial.

There is error.

PER CURIAM. *Venire de novo.*